## JOHN J. SULLIVAN
vs
## LIQUOR CONTROL COMMISSION

Superior Court      Fairfield County      File #45671

Present:   Hon. ERNEST A. INGLIS, Judge.

Earl H. Jagoe,                    Attorney for the Plaintiff.

Attorney-General,                Attorney for the Defendant.

**MEMORANDUM FILED SEPTEMBER 24, 1935.**

INGLIS, J.   It appears from the report of the State Referee that the Liquor Control Commission refused to renew the applicant's tavern permit on the ground of "unsuitability of place because a clear and unobstructed view of the entire tavern premises cannot be had from the sidewalk or street." It also appears that the only reason why such a view cannot be had from a sidewalk or street is because the tavern is not located on a public street with a sidewalk but, rather, fronts on a public parkway so-called.   The Commission acted upon the understanding that **Cum. Supp., Sec. 693b** controlled the situation.

An examination of that section, however, discloses that the gist of it is that it prohibits the maintenance of any obstruction to a view of the premises such as a curtain or screen or any other device.   It does not provide that a tavern must be located on a street and sidewalk.   In fact it does not relate to the location of a tavern at all.   It relates to the method of maintaining a tavern after it is located.

It is true that under the statute taverns where liquor is sold must not be so obstructed "as to prevent a full and unobstructed view of the interior of such premises from the main entrance or from the street or sidewalk adjacent thereto," and this must be so "to the satisfaction of the commission".   This is perfectly plain English and does not raise any question as to whether the "ors" are used in a conjunctive rather than a

disjunctive sense. They are used in their usual disjunctive sense but the effect of the statute is to prohibit obstructions being erected or maintained which cut off the views either from the main entrance or the sidewalk or the street. Any obstruction which was so erected that it would cut off a view of any of the interior of a tavern from either the main entrance or the sidewalk or the street would be a violation or the statute. A tavern proprietor must keep his premises free from all such obstructions to the satisfaction of the commission.

In the present case, however, there is no curtain, screen or any other device set up or maintained to obstruct free view from either the main entrance or street or sidewalk. There is therefore no violation of the statute.

The Liquor Control Commission having arrived at its conclusion in this case upon a misinterpretation of the statute, its refusal to renew the permit was contrary to law.

The report of the Referee is accepted and judgment may enter directing the Liquor Control Commission to renew the applicant's permit.